UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STEPHANIE STANLEY                                                PLAINTIFF

vs.                                          CIVIL ACTION NO. 3:19-CV-00640-CRS

HAIER US APPLIANCE SOLUTIONS, INC.                    DEFENDANT

**MEMORANDUM OPINION**

I.        **Introduction**

This matter is before the Court on Haier US Appliance Solutions, Inc.'s ("Haier") motion to dismiss. DN 6. Plaintiff Stephanie Stanley ("Stanley") filed a response. DN 7. Haier filed a reply. DN 8. The matter is ripe for adjudication. For the reasons stated herein, the Court will grant Haier's motion to dismiss.

II.        **Factual Background and Procedural History**

This is an employment discrimination case. Stanley worked as a "Material Handler" at Haier from April of 1994 to September of 2018. DN 1-2 at 4. According to her complaint, Stanley suffers from clinical depression, post-traumatic stress disorder, anxiety, and bipolar disorder. *Id*. She has been on intermittent leave under the Family and Medical Leave Act ("FMLA") since 2012. *Id.* Her physician recommends that Stanley be excused from two days of work twice a month. *Id*.

Stanley alleges that on or about August 21, 2018, Haier disciplined her for a "Call-In" attendance violation even though she was entitled to intermittent FMLA leave. *Id*. She further alleges that Haier fired her because of this "Call-In" violation. *Id*. Stanley originally filed this action in Jefferson Circuit Court. DN 1-2. She brought three claims against Haier: (1) disability discrimination under the Kentucky Civil Rights Act ("KCRA"), KRS 344.040 *et seq.*, (2)

1

retaliation under the KCRA, KRS § 344.280, and (3) "violations" of the FMLA. *Id.* at 5–6. Haier removed the case to this Court pursuant to 28 U.S.C. § 1331 based on Stanley's FMLA claim. DN 1. Haier invoked this Court's supplemental jurisdiction for Stanley's KCRA claims. *Id.*

## III. Legal Standard

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ) (internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (internal quotation marks and citation omitted).

## IV. Discussion

Haier seeks dismissal of Stanley's retaliation claim. DN 6. Haier argues that Stanley failed to state a claim for which relief may be granted because Stanley did not engage in a protected activity as defined in the KCRA's anti-retaliation provision. DN 6-1 at 3. Stanley responds that she engaged in a protected activity when she took her FMLA leave and Haier retaliated by firing her. DN 7 at 4.

To establish a retaliation claim under the KCRA, a plaintiff must demonstrate: (1) she engaged in a protected activity, (2) her employer knew of that activity, (3) the employer thereafter took an adverse employment action, and (4) a causal connection exists between the protected activity and the adverse action. *Popeck v. Rawlings Co., LLC,* No. 3-16-CV-00138, 2018 WL 2074198 at *13, (W.D. Ky. May 3, 2018) (citing *Hibbler v. Reg'l Med. Ctr. at Memphis,* 12 Fed.Appx. 336, 340 (6th Cir. 2001); *Seeger v. Cincinnati Bell Tel. Co.,* 681 F.3d 274, 283 (6th Cir. 2012)). The only issue before the Court is whether Stanley has pled sufficient facts to demonstrate the first element.

The KCRA prohibits retaliation "against a person because he opposed a practice declared unlawful by [the KCRA] or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under [the KCRA]." KRS § 344.280(1). The KCRA, in relevant, part includes the following as unlawful practices:

> To fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race, color, religion, national origin, sex, age forty (40) and over, because the person is a qualified individual with a disability, or because the individual is a smoker or nonsmoker, as long as the person complies with any workplace policy concerning smoking.

KRS § 344.040(1)(a).

Taking FMLA leave is not a protected activity for the purposes of the KCRA anti-retaliation provision. The anti-retaliation provision ensures that employers cannot retaliate against employees that "clearly challenge an employment practice that she believes to be unlawful." *Popeck*, 2018 WL 2074198 at *14 (citing *Yazdian v. ConMed Endoscopic Techs., Inc.,* 793 F.3d 634, 645 (6th Cir. 2015)). Plaintiff alleges that she was permitted intermittent FMLA leave, she took leave, and Haier fired her for taking leave. DN 1-2 at 5–6. She does not allege that she

challenged any unlawful employment practice. Stanley's complaint does not state a claim for retaliation under the KCRA that is plausible on its face. Therefore, the Court will grant Haier's motion to dismiss.

## V. Conclusion

For the reasons stated herein, a separate order will be entered this date granting Defendant Haier US Appliance Solutions, Inc.'s motion to dismiss. DN 7.

February 11, 2020

Charles R. Simpson III, Senior Judge
United States District Court